## William Nunes, Appellant, v. J. H. McFarlin, Appellee.

STATUTE OF FRAUDS—*when promise within.* The promise of a person to pay an obligation which is to arise from the use of property by a third person, unless in writing is within the statute of frauds where the credit was extended to such third person.

Appeal from the Circuit Court of Morgan county; the HON. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the November term, 1911. Affirmed. Opinion filed December 13, 1911.

J. O. PRIEST, for appellant.

KIRBY, WILSON & BALDWIN, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought by William Nunes, plaintiff, against J. H. McFarlin, defendant, to recover the reasonable value of the use of certain personal property claimed by plaintiff to have been borrowed from the plaintiff by one L. A. McLain. Plaintiff attempts to hold defendant liable for the value of such use upon the theory that prior to the time of the hiring of said personal property by plaintiff to the said L. A. McLain, defendant McFarlin promised to see plaintiff was paid therefor.

The cause was tried in the court below by agreement without a jury. The court found the issues for the defendant and rendered judgment against the plaintiff, from which he prosecutes this appeal.

No questions of law were submitted by either plaintiff or defendant to be passed upon by the trial court. Consequently, the appeal to this court presents only questions of fact.

The evidence discloses that defendant was a general contractor to do certain work in the building of an interurban line between Jacksonville and Springfield, Illinois; that L. A. McLain was a sub-contractor of defendant upon this work. McLain did not possess the necessary scrapers, dump wagons, etc., for the prosecution of this work, and plaintiff rented him certain vehicles to be used in the prosecution of the work. Arrangements were made for renting this property to McLain prior to any conversation or communication between plaintiff and defendant regarding it. Consequently, any promise that defendant may have made to the plaintiff whereby he agreed to pay plaintiff for the use of the propery rented to McLain was within the Statute of Frauds and void, and for which defendant cannot be held liable. It is contended, however, by plaintiff that before the property was rented to McLain defendant promised to see that plaintiff was paid

for the use of the property. Even if this contention of plaintiff was correct, the record discloses that instead of an unconditional promise, defendant's promise was only to pay such bills as McLain might O. K., and that McLain did not O. K. this bill, and never authorized or requested defendant to pay it.

Upon either theory the finding of the trial court was correct, and is fully warranted by the evidence.

The judgment is affirmed.

*Affirmed.*